WALTER POZEWICZ, etc., Plaintiff, *v.* PH. DIETZ COAL CO., INC., Defendant.

Supreme Court, Special Term, Queens County, December 5, 1939.

*William B. Hoffman*, for the plaintiff.

*Irving A. Feinstein*, for the defendant.

HALLINAN, J. This is a motion by the defendant to dismiss plaintiff's complaint upon the ground that the agreement sued upon

is violative of subdivision 1 of section 31 of the Personal Property Law. (Rules Civ. Prac. rule 107, subd. 8.)

The complaint alleges " that in and about the month of July, 1936, the plaintiff entered into an oral agreement with the defendant corporation whereby said corporation agreed to pay to the plaintiff a commission of one-half of a cent per gallon for every gallon of fuel oil sold to customers obtained through the efforts of the plaintiff herein." Attached to the complaint is a schedule of seventy-two items setting forth a list of sales from July, 1936, to March, 1939, upon which this action for commissions is based.

The statute upon which defendant's claim of invalidity is predicated, reads: " Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking:

" (1) By its terms is not to be performed within one year from the making thereof or the performance of which is not to be completed before the end of a lifetime."

It has been held that " if section 31 also applies, a contract which contravenes its provisions would be void, and part performance would invest it with no validity." (*Taylor Co., Inc.*, v. *Fansteel Products Co., Inc.*, 234 App. Div. 548; affd., 261 N. Y. 514.)

It is evident that section 31 applies to this contract, and not section 85 of the Personal Property Law, which contemplates a contract to sell, or the sale of goods, etc., and not, as here, the payment of commissions.

The plaintiff contends that the contract sued upon does not contravene section 31, since it " might have been terminated within a year." But there is no provision in the contract authorizing either party to terminate within a year, and the contract, as pleaded in the complaint, is to the effect that the defendant undertook to pay the plaintiff a certain stated commission for *every* gallon of fuel oil sold to customers obtained through plaintiff's efforts.

What is meant by performance within one year under the statute was clearly defined in *Trustees of First Baptist Church* v. *Brooklyn Fire Ins. Co.* (19 N. Y. 305), where the court said (at p. 307): " It is not the meaning of the statute that the contract must be performed within a year. If it can be so performed consistently with the language in which the parties have expressed themselves, in other words, if the obligation of the contract is not, by its very terms, or necessary construction, to endure for a longer period than one year, it is a valid agreement, although it may be capable of an indefinite continuance."

In this court's opinion, the very terms of the contract sued upon show that it was to endure for a period longer than one year (*Kelble Operating Corp.* v. *Jarka Corp.*, 20 F. Supp. 647; affd., 96 F. [2d] 601), and since there was no provision in the contract, giving either party the right to terminate within the year, the Statute of Frauds applies. (*Blake* v. *Voigt*, 134 N. Y. 69.)

Accordingly, the complaint is dismissed.